ELLIS PHILLIPS, JR., V. STATE.

No. 24316. March 23, 1949.
Rehearing Denied April 20, 1949.

*W. W. Ballard,* Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the offense of bigamy and by the jury given a sentence of two years' confinement in the penitentiary.

There is no contest over the proposition that appellant, while married to Billie Jean Burnett, married Patricia Ann Aaron. Both of these marriages were fully established and not denied by appellant. He presented two defenses: one being that he thought he saw in the paper that Billie Jean had been granted a divorce from him; and second, that he was suffering from malaria; that whenever he had one of these chills and fever, he was temporarily insane and did not know what he was doing; that this was a type of amnesia and while so suffering, he had no recollection of what he was doing; and that thereafter he did not remember what he had done at such time. The careful trial court gave a charge relative to this type of insanity and the burden of proof applicable to this defense, and the jury refused credence thereof.

Bill of Exception No. 1 relates to the trial court's refusal to grant a continuance herein on account of the absence of Jean Roberts, a sister of the last wife, who was present at the last marriage, alleging that she would testify that at such time appellant acted strangely and did not seem to be able to carry on an intelligent conversation; that he acted like he was in a dazed condition and, in her opinion, he did not know the difference between right and wrong at such time. The state controverted such motion by showing that this cause was first set for July 13, 1948, and on account of the absence of the last wife, a continuance was requested and the case was postponed until July 27, 1948, at which time a further continuance was requested on account of the absence of the same witness; that said cause was again reset for September 14, 1948, when same went to trial. It is contended that the present motion, based on the absence of Jean Roberts, is the third motion for a continuance, and it alleges a lack of diligence, lack of form in such as a subsequent motion, and also a denial of the fact that Jean Roberts would testify as alleged in the motion. We think the application is insufficient under Art. 542, C. C. P., in that the appellant was lacking in diligence in the matter, and that if the desired witness was present, she would not have testified as alleged in the application. Relative to this last statement, the state introduced an affidavit of such witness made on June 24, 1948, in Wichita County, Texas, which statement was in direct conflict with the allegations set forth in the motion as the expected proof from Jean Roberts. We think the court was correct in overruling such Bill No. 1.

Bill of Exception No. 2 relates to the following occurrence which took place while the state's witness, Claude D. Roberts,

was on the stand: In his direct examination the witness testified that he was not "too suprised * * * when Ellis Phillips, Jr., told me he—Pat (Aaron) were to get married, and the reason I wasn't too surprised was because Ellis Phillips, Jr., had talked to me about it on two or three different occasions."

It is shown by the qualification to the bill that further along in this colloquy between the witness and the state's attorney, he was evasive relative to such conversation with appellant and finally said: "Well, he didn't tell me anything about it." At this point the state plead surprise, and upon request, the state was still not allowed to ask leading questions to its own witness, but it seems that there was left with the jury testimony from said witness as follows: "I remember telling you down in the district attorney's office that 'Ellis Phillips, Jr. had mentioned several times before that he was going to marry Patricia Ann so I wasn't too suprised when they said they were going to get married.' "

We see no error herein. It is evident that the witness was answering evasively, and the bill shows that no objection was made to that portion of the conversation above quoted when it was first introduced, but it is also evident from the bill that as Roberts' examination continued he gave contradictory statements to this quotation, and we think the state was within its rights when it plead surprise and offered this contradictory statement of the witness.

Bill No. 3 relates to the following occurrence: Earl Phillips, a cousin of appellant, was placed upon the stand by appellant and testified that at appellant's request he came to the home where appellant and his wife, Billie Jean, were living and noticed the nervous condition of appellant, who was packing a suitcase, and who desired the witness to carry him in a car to a bus station where he intended to go and look for a job; that Billie Jean knew he was leaving; that this was on Thursday before the second marriage on the following Friday, April 16, 1948. When taken upon cross-examination, he testified, among other things, as follows:                                          ,

"Just a few days after that I heard that he had married Patricia Ann Aaron, I heard that on Sunday after he left. I knew that he was married to *Billy* Jean Burnett. She was there at the time I had picked him up on Thursday and brought him to Wichita Falls. I don't know whether or not they had had any trouble, not any that I know of. That was in April, I believe, and his wife *Billy* Jean was pregnant at that time."

Upon objection being made to the phrase, "and his wife *Billy* Jean was pregnant at that time," the trial court sustained the objection thereto, but appellant moved the court to declare a mistrial because of such a statement being made in the presence of the jury, which the court refused to do. Appellant, in connection therewith, also moved that the court remove from the courtroom the child of appellant, which child seemed to have been present therein, and also remove from the courtroom the appellant's wife, Billie Jean, whose condition of late pregnancy was evidently inferable from a babe in her arms, to which requested removals the trial court refused to agree. However, upon a return of the jury to the courtroom, they were instructed as follows:

"Gentlemen of the Jury, the Court has heretofore instructed you that you are not to consider the question asked in reference to whether Mrs. Ellis Phillips, Jr., was pregnant, and I again instruct you gentlemen not to consider that question for any purpose whatever in this case."

In the qualification to this bill, it is shown that the father of Billie Jean testified without objection: "There was one child born, and since the separation another." It was also shown that appellant's wife, with one child at her side and one in her arms, was present at all times during the trial previous to such objection; that she was pointed out to the jury while the jury was being selected and talked to by appellant's attorneys several times during the trial of the case as she sat next to the court's railing with her two children. We see no error manifested herein, and surely none that the court's prompt charge to the jury could not eliminate.

The trial court charged on mistake of fact, and insanity, upon the burden of proof thereof, and upon every phase of the case presented by the evidence, and we think correctly so.

There appearing no error in the record, the judgment will be affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant contends that the court committed error in his charge to the jury, as follows:

"The mistake as to fact which will excuse, under the preceding paragraph, must be such that the person so acting under a mis-

take would have been excusable had his conjecture as to the fact been correct; and it must also be such mistake as does not arise from a want of proper care on the part of the person committing the offense."

The grounds of the objection seems to be that the charge assumes that the defendant had committed an offense. It will be observed, however, that the foregoing paragraph is an abstract statement of the law. Following this the court applied the law to the facts in this language:

"Therefore, if you believe from the evidence that at the time the defendant Ellis Phillips, Jr., married Patricia Ann Aaron, if he did, he was laboring under a mistake of fact as to having been divorced from Billie Jean Phillips, *Jr.*, and such mistake of fact did not arise from want of proper care on the part of the defendant, or if you have a reasonable doubt that such are the facts, you will acquit him and say by your verdict "Not Guilty."

It appears from the entire record that the court was quite liberal in submitting the issue as a fact to be found by the jury. We find no fault with the charge as given which could in any way harm the appellant.

The motion for rehearing is overruled.